JOSEPH N. TUTTLE, trustee, *vs.* CATHARINE HOWELL and others.

A testator gave the residue of his estate, real and personal, in trust to receive the rents and income, and to pay over the net interest and income "in three and one-eighth parts, to wit. one-third part to my daughter C. H., one-third part to my daughter S. B., and one-third and one-eighth parts to my daughter M. D."

*Held*—that M. D. takes one-eighth of the *estate*, and not one-eighth of a *share*, more than the other legatees; the remainder to be equally divided between the three.

*Mr. G. F. Tuttle*, for trustee.

*Mr. A. Dodd*, for Catharine Howell and Sally Brogaw, two of the defendants.

*Mr. C. Parker*, for Maria Duncan, the remaining defendant.

THE CHANCELLOR. The bill is filed to settle the construction of the will of David Doremus, in order to ascertain the shares of the estate to which the legatees are respectively entitled, and to guide the trustee in the discharge of his duty.

By his will, the testator gave the residue of his estate, real and personal, in trust to receive the rents and income thereof,

and to pay over the net interest and income " in three and one-eighth parts, to wit. one-third part to my daughter Catharine Howell, one third part to my daughter Sally Brogaw, and one third and one-eighth parts to my daughter Maria Duncan." The point in controversy is whether Maria Duncan takes one-eighth of the *estate*, or only one-eighth of a share, more than the other legatees. The language will not admit of a literal interpretation, and will bear, without doing violence to the phraseology employed, either of the constructions contended for. Taken however in connection with other clauses of the will, the intention of the testator is sufficiently clear.

If the testator had intended that his daughter Maria should have taken only one-eighth of a *share* more than her sisters, the idea would have been naturally and simply expressed by directing that the money should be paid to his three daughters in such proportions that the share of Maria should be one-eighth larger than the share of either of her sisters, or that her portion should be a share and an eighth of a share. But the testator employs no such phraseology. His direction is to pay over the money " in three and one-eighth parts." In other words, in three parts and one-eighth part; or in four parts, one of which shall be one-eighth of the estate, and the other three parts shall be equal to each other. For he adds, " to wit. one *third* part to my daughter Catharine Howell, one *third* part to my daughter Sally Brogaw, and one *third* and one-eighth parts to my daughter Maria Duncan." Now he cannot mean one *third* part of the entire estate, for that would be palpably absurd. He must mean one third part of the *residue*, or one of the three equal parts into which the fund is to be divided after deducting the one-eighth. The change of phraseology in the two clauses is worthy of notice. He does not, and could not speak of dividing his estate into three thirds and one-eighth. He directs it to be divided into three parts, and one-eighth part, and then directs one of the *thirds*, or one of the three equal parts, and the one-eighth to be paid to Maria Duncan.

. This view of the testator's meaning is confirmed by the language subsequently used in reference to the division of the principal of the fund. He directs that the "principal shall be calculated upon the same basis as the interest is herein calculated, that is one third to each of my daughters, except my daughter Maria Duncan, whose share shall be one third and one-eighth of principal as well as interest." Maria's share is to be, not one third and one-eighth of a third, but the third and one-eighth of principal as well as interest. The very ingenious argument of the defendant's counsel, in regard to the first clause of the will, rests upon the principle that the fractional number always represents the fraction of a unit, or of one integral number, and that the arithmetical formula, $3\frac{1}{8}$ parts, technically and necessarily means three parts and the $\frac{1}{8}$ of one part. Conceding the force of the argument, it has no application to the clause now under consideration. For admitting that $3\frac{1}{8}$ dollars does mean three dollars and the $\frac{1}{8}$ of one dollar, it will not be contended that $\frac{1}{3}$ and $\frac{1}{8}$ of a dollar mean $\frac{1}{3}$ and the $\frac{1}{8}$ of one third of a dollar. Both the numbers used are fractional, and they indicate fractions or parts of the principal and of the interest of the estate. The bequest is of one third and of one-eighth of the principal as well as of the interest of the estate; that is, as above stated, one-eighth of the entire fund and one third, or one of the three equal parts into which the fund is ordered to be divided after deducting the one-eighth.

The testator further directs as follows: "And upon no construction of this clause in my will shall the children of one deceased daughter have more than the children of another, except the children of my daughter Maria Duncan, who shall take *the one-eighth more, in manner aforesaid.*" The direction is not simply that the children of Maria Duncan shall take one-eighth more than the children of the other sisters, which would have been obviously proper if that was the intention, but the direction is that they shall take *the* one-eighth more in manner aforesaid ; thus directly referring to the plan of division previously indicated.

From these various provisions of the will it is apparent, that in directing that the fund should be divided into three and one-eighth parts, the testator intended that the fund should be divided into four fractional parts of which the entire fund should be the integer or unit, and that each of the parts should be a fraction of that unit, and not the fraction of a fraction. One of these fractions is declared to be one-eighth. The others are to be ascertained by dividing the residue into three equal parts. The result formally expressed will be, that the estate must be divided into twenty-fourths. That the one-eighth will be represented by $\frac{3}{24}$'s, and the other three parts by $\frac{7}{24}$'s each, and that consequently the shares of Catharine Howell and Sally Brogaw will be $\frac{7}{24}$'s each, and the share of Maria Duncan $\frac{10}{24}$'s.

It is urged as an argument against this construction, that a testator will not be presumed to have intended to make any greater difference between his children in the distribution of his property, than his language clearly and necessarily indicates. That the law gives the estate to the children equally, and that such equality will not be disturbed, except such intent is clearly expressed or necessarily implied, and this in analogy to the familiar maxim that the heir-at-law can only be disinherited by express devise or necessary implication. The anology relied upon is sufficiently obvious where it is doubtful whether the testator has bequeathed a portion of his personal estate, or has died intestate in regard to it. The title of the heir-at-law will not be divested, except the intent be clear.

But it is perfectly clear in this case that the testator did not intend to die intestate as to any portion of his estate. Neither of his children can take anything by operation of law, as next of kin. They must take by gift from the testator, unless the bequest fail from uncertainty. It is equally clear that the testator intended that the shares of his children should be unequal. The degree of inequality is the only point of inquiry. It is a pure question of construction and cannot be materially affected by the operation of the principle contended for. The utmost that can be claimed for the

principle is that it should be resorted to where every other rule of construction fails. In the present case there is no room for its application.